IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERG,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 20, inclusive,<br><br>      Defendants. | Case No. 11-3612-SC<br><br>ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION AND DENYING WITHOUT PREJUDICE DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Now pending before the Court is a fully briefed motion for partial summary judgment filed by Defendant United Air Lines, Inc. ("United") against Plaintiff Debra Berg ("Berg"). ECF Nos. 14 ("Mot."), 15 ("Opp'n"), 16 ("Reply").[1] Berg originally sued United in the California Superior Court in and for the County of San Francisco, whereupon United removed to this Court. ECF No. 1 ("Not. of Removal") Ex. A ("Compl."). Berg's complaint asserts two negligence claims against United. The first relates to injuries Berg allegedly sustained in a slip-and-fall incident in United's "Red Carpet Club," located within the San Francisco International

---

[1] Counsel for United, Richard Grotch, submitted two declarations in support of United's motion for partial summary judgment. ECF Nos. 14-1 ("Grotch Decl. ISO Mot."), 16-1 ("Grotch Decl. ISO Reply").

1 Airport, while Berg was waiting to board a flight to her home state
2 of Oregon. Compl. ¶¶ 8-9. Berg alleges that she fractured her
3 right foot in the incident. Id. ¶ 9. The second negligence claim
4 relates to further injuries Berg allegedly sustained when, having
5 boarded her flight after the fall, she elevated her injured foot on
6 the armrest of the seat in front of her and it was struck by the
7 flight's beverage cart. Id. ¶¶ 13-14. For reasons not relevant
8 here, United moves for summary judgment on the first claim only.

9 Before deciding this motion (which is the first filed by
10 either party), the Court must be satisfied that it has subject-
11 matter jurisdiction over the case. The Court is not. Accordingly,
12 for the reasons set forth below, the Court ORDERS United to show
13 cause why this case should not be remanded back to state court for
14 lack of subject-matter jurisdiction. Moreover, because the Court
15 is not satisfied that it has jurisdiction over this case, the Court
16 DENIES United's motion for partial summary judgment without
17 prejudice.

**II. DISCUSSION**

20 United removed to this Court pursuant to the general removal
21 statute, 28 U.S.C. § 1441. That statute permits a defendant sued
22 in state court to remove to federal court if the federal court
23 would have had original jurisdiction over the case in the first
24 place. Here, Defendant asserts that this Court would have had
25 original jurisdiction under 28 U.S.C. § 1332, the diversity
26 jurisdiction statute. Not. of Removal at 2. The requirements of
27 diversity jurisdiction pertinent to this case are (1) complete
28 diversity of state citizenship between the two sides of a lawsuit

and (2) an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332(a)(1).

The act of removal alone does not establish the district court's jurisdiction, and the passage of time does not cure jurisdictional defects: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Moreover, there is a "'strong presumption against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290 (1938)). This presumption "means that the defendant always has the burden of establishing that removal is proper." Id. "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)).

Having reviewed Berg's complaint, United's notice of removal, and the other papers submitted by the parties, the Court is not satisfied that the requisite jurisdictional amount is in controversy. Berg's complaint specifies the type of relief sought -- general and special damages -- but it gives no indication of the amount. ECF No. 1 ("Not. of Removal") Ex. A ("Compl.") at 4. The substantive paragraphs of the complaint allege that Berg "has undergone medical treatment" and expects to undergo more, and that she has "suffered loss of wages and loss of earning capacity," but

in neither case does she quantify her losses.[2]  Compl. ¶¶ 10, 16. On the Civil Case Cover Sheet appended to the complaint, Berg checked the box invoking the state court's "unlimited jurisdiction," which means that Berg demands more than $25,000. This does not establish that she is demanding more than $75,000. As for United's notice of removal, it merely recites Berg's alleged injuries and asserts in conclusory fashion that the jurisdictional amount is satisfied, without attempting to explain how the alleged injuries put more than $75,000 in controversy.  See Not. of Removal at 3.  None of the other papers in the docket touch on the issue.

The Court perceives that neither party has an incentive to test United's conclusion that more than $75,000 is in controversy. United has evinced a desire to have this case heard in federal court, and Berg wants her case to be worth more than $75,000.  It is often said that parties bargain in the shadow of trial, but this is a case where the parties seem to be litigating in the shadow of settlement.  That is all well and good, but the Court is duty-bound to police its own removal jurisdiction sua sponte, despite neither party having raised the issue.  <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004); cf. <u>Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not sua sponte remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").  Defects

---

[2] The complaint also recites that the amount of damages exceed the jurisdictional minimum "of this court."  Compl. ¶¶ 10, 16.  The court to which Berg refers, of course, is the state court where she originally filed her complaint, not this Court, which has its own, separate jurisdictional requisites.

4

in subject-matter jurisdiction cannot be "avoided by waiver or stipulation to submit to federal jurisdiction." Singer, 116 F.3d at 376.

In cases like this one, "where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Id.; see also 28 U.S.C. § 1446(c)(2)(B) (same standard). United, as the defendant and removing party, bears this burden.

The discovery cutoff in this action was July 5, 2012, and a jury trial is set for September 4, 2012. ECF No. 12. At this late date, United should have all the evidence it needs to address the amount-in-controversy issue.[3]

**III. CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS United to show cause why this case should not be remanded to state court for lack of federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c). United shall submit a brief of not more than eight (8)

---

[3] United's papers complain that Berg has been unforthcoming in response to at least some of United's discovery requests. See, e.g., Grotch Decl. ISO Reply ¶¶ 3-4. However, they also demonstrate that United has successfully taken some discovery, including Berg's deposition. See, e.g., Grotch Decl. ISO Mot. Ex. C (Berg's responses to interrogatories); Grotch Decl. ISO Reply Ex. A (excerpts of Berg's deposition transcript). Tellingly, United conducted enough discovery to seek summary judgment on one of Berg's claims.

pages in length. Supporting declarations and exhibits shall not count toward the page limit. The brief shall be submitted not more than ten (10) days from the signature date of this Order. Pursuant to Civil Local Rule 7-1(b), the Court will not hear oral argument on this matter.

Because the Court is not satisfied that it has jurisdiction over this action, the Court DENIES United's motion for partial summary judgment without prejudice.

The jury trial scheduled for September 4, 2012, shall proceed on schedule unless otherwise ordered by the Court. The Court's jury trial preparation order of July 20, 2012 remains in effect.

IT IS SO ORDERED.

Dated: August 1, 2012

*[signature]*

UNITED STATES DISTRICT JUDGE