IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERG,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED AIR LINES, INC., and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 11-3612-SC<br><br>ORDER RE: SUBJECT-MATTER JURISDICTION |

## I. INTRODUCTION

Plaintiff Debra Berg ("Berg") originally filed this case in California state court, whereupon Defendant United Air Lines, Inc. ("United") removed the case to this Court on diversity grounds. ECF No. 1 (notice of removal ("NOR")) Ex. A ("Compl."). On August 1, 2012, the Court issued an Order to Show Cause requiring United to demonstrate that this case satisfies the amount-in-controversy requirement for diversity-based removal jurisdiction. ECF No. 20 ("OSC"). If the case did not, the Court explained, the case would be remanded. OSC at 3 (citing 28 U.S.C. § 1447(c) (requiring remand "any time before final judgment" if the district court appears to lack subject-matter jurisdiction)). At that time, the Court also denied United's pending motion for partial summary

judgment, without prejudice and pending resolution of the jurisdictional question. Id. at 6; see also ECF No. 14 ("MSJ"). On August 10, United filed its response to the Court's Order to Show Cause. ECF No. 21 ("Resp.").[1] For the reasons set forth below, the Court is satisfied that it has subject-matter jurisdiction over the instant case and therefore declines to remand it. Additionally, now that the jurisdictional matter has been resolved, the Court will proceed to ruling on United's motion for partial summary judgment in a separate order concurrently filed.

## II. DISCUSSION

The Court's Order to Show Cause required United to demonstrate that the amount in controversy required to support removal jurisdiction on diversity grounds is present in this case. OSC at 5-6; see also 28 U.S.C. §§ 1332, 1441 (requirements for, respectively, diversity jurisdiction and removal on diversity grounds). The Court observed that Berg's complaint prayed for money damages but, consistent with California law, did not specify the sum demanded. OSC at 3-4. United's notice of removal merely recited Berg's alleged injuries without attempting to explain how

---

[1] In support of its response, United submitted a declaration from its counsel, Richard G. Grotch, along with several evidentiary exhibits. ECF No. 21-1 ("Grotch Decl.") Exs. A (excerpt from transcript of United's deposition of Berg ("Berg Depo.")), B (United's first set of interrogatories to Berg ("Interrog.") and Berg's responses ("Interrog. Resp.")), C (part of Berg's billing records for medical treatment ("Bill. Rec.")), D (excerpts from Berg's medical records ("Med. Rec.")). The Court acknowledges United's complaint that the evidence available to it has been limited by Berg's asserted failure: to serve initial, supplemental, or expert disclosures; to respond to United's second set of interrogatories or its first set of requests for admission; or to produce billing records, an incomplete set of which, Grotch declares, he has obtained by issuing subpoenas to Berg's health care providers. Grotch Decl. ¶¶ 4, 6.

2

they placed more than $75,000 in controversy. Id. at 4. The Court reminded United of the strong presumption against removal jurisdiction and that it bears the burden of establishing the propriety of removal. Id. at 3.

United has responded by offering "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995)). In cases like this one, where a plaintiff's state court complaint omits the specific sum demanded in compliance with state law, the defendant must demonstrate by a preponderance of the evidence that the complaint places the jurisdictionally required amount in controversy. 28 U.S.C. § 1446(c)(2); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The amount-in-controversy requirement may be satisfied by claims for special and general damages, as well as attorney fees and punitive damages when recoverable by law. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (citing Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998)). With one exception not relevant here, California law does not permit recovery of attorney fees in general tort actions. Rutter Cal. Prac. Guide Pers. Inj. § 3:16.1 (citing Cal. Code of Civ. P. § 1026; Gray v. Don Miller & Assocs., Inc., 35 Cal. 3d 498, 506-07 (Cal. 1984)). United does not rely on attorney fee amounts in its responsive brief. Berg has not claimed punitive damages. See Compl. at 4 (prayer for relief). Therefore the Court declines to consider United's evidence pertaining to punitive damages, see Resp. at 6-7, for the simple

3

reason that Berg did not claim any in her complaint, see Compl. at 4 (prayer), and therefore the complaint could not have placed them in controversy.

The Court turns now to the alleged injuries giving rise to Berg's claims for general and special damages. The Court stresses that it takes no position here as to whether United is or could be held liable for those injuries. The question presently before the Court is only whether Berg's complaint put more than $75,000 in controversy at the time of removal. See Singer, 116 F.3d at 377. The Court concludes that it did. The injuries alleged by Berg are extensive, including alleged fractures of both of Berg's feet. Resp. at 5. United persuasively describes how the complaint gave rise to the possibility of damages for continuing disability, pain, and lost wages.[2] Id. Additionally, United has provided copies of billing records that it obtained by issuing subpoenas to Berg's health care providers. Id. at 4. United says that these records are incomplete but establish that Berg has received at least $12,476.98 in medical treatment for conditions that she attributes to United's alleged negligence. Id. at 4-5. The Court is satisfied that the special damages alleged by Berg more likely than not had placed greater than $75,000 in controversy when United removed the instant case to federal court.

///
///

---

[2] Since filing this action, Berg may have limited her injury claims, for example, by denying that she seeks lost wages. See Interrog. Resp. ¶¶ 18-19 ("I am not claiming wage loss."). These post hoc limitations are immaterial to the question of whether removal was proper, which is determined with reference to the amount in controversy "at the time of removal." Cf. Singer, 116 F.3d at 377.

4

## III. CONCLUSION

The Court finds that the amount-in-controversy requirement was satisfied at the time that United removed the case from state court. Accordingly, the Court retains jurisdiction over this case. An order addressing United's pending motion for partial summary judgment will be filed concurrently. The jury trial scheduled to commence on September 4, 2012 remains set for that date.

IT IS SO ORDERED.

Dated: August 24, 2012

UNITED STATES DISTRICT JUDGE