United States District Court
For the Northern District of California

1

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    DEBRA BERG,                        ) Case No. 11-3612-SC
                                        )
10                  Plaintiff,          ) ORDER RE: SUBJECT-MATTER
                                        ) <u>JURISDICTION</u>
11        v.                            )
                                        )
12   UNITED AIR LINES, INC., and DOES 1 )
     through 20, inclusive,             )
13                                      )
                                        )
14                  Defendants.         )
                                        )
15   _____

16   **I.    <u>INTRODUCTION</u>**

17        Plaintiff Debra Berg ("Berg") originally filed this case in

18   California state court, whereupon Defendant United Air Lines, Inc.

19   ("United") removed the case to this Court on diversity grounds.

20   ECF No. 1 (notice of removal ("NOR")) Ex. A ("Compl.").  On August

21   1, 2012, the Court issued an Order to Show Cause requiring United

22   to demonstrate that this case satisfies the amount-in-controversy

23   requirement for diversity-based removal jurisdiction.  ECF No. 20

24   ("OSC").  If the case did not, the Court explained, the case would

25   be remanded.  OSC at 3 (citing 28 U.S.C. § 1447(c) (requiring

26   remand "any time before final judgment" if the district court

27   appears to lack subject-matter jurisdiction)).  At that time, the

28   Court also denied United's pending motion for partial summary

**United States District Court**
For the Northern District of California

judgment, without prejudice and pending resolution of the
jurisdictional question.  Id. at 6; see also ECF No. 14 ("MSJ").
On August 10, United filed its response to the Court's Order to
Show Cause.  ECF No. 21 ("Resp.").[1]  For the reasons set forth
below, the Court is satisfied that it has subject-matter
jurisdiction over the instant case and therefore declines to remand
it.  Additionally, now that the jurisdictional matter has been
resolved, the Court will proceed to ruling on United's motion for
partial summary judgment in a separate order concurrently filed.

## II.  **DISCUSSION**

The Court's Order to Show Cause required United to demonstrate
that the amount in controversy required to support removal
jurisdiction on diversity grounds is present in this case.  OSC at
5-6; see also 28 U.S.C. §§ 1332, 1441 (requirements for,
respectively, diversity jurisdiction and removal on diversity
grounds).  The Court observed that Berg's complaint prayed for
money damages but, consistent with California law, did not specify
the sum demanded.  OSC at 3-4.  United's notice of removal merely
recited Berg's alleged injuries without attempting to explain how

---

[1] In support of its response, United submitted a declaration from
its counsel, Richard G. Grotch, along with several evidentiary
exhibits.  ECF No. 21-1 ("Grotch Decl.") Exs. A (excerpt from
transcript of United's deposition of Berg ("Berg Depo.")), B
(United's first set of interrogatories to Berg ("Interrog.") and
Berg's responses ("Interrog. Resp.")), C (part of Berg's billing
records for medical treatment ("Bill. Rec.")), D (excerpts from
Berg's medical records ("Med. Rec.")).  The Court acknowledges
United's complaint that the evidence available to it has been
limited by Berg's asserted failure: to serve initial, supplemental,
or expert disclosures; to respond to United's second set of
interrogatories or its first set of requests for admission; or to
produce billing records, an incomplete set of which, Grotch
declares, he has obtained by issuing subpoenas to Berg's health
care providers.  Grotch Decl. ¶¶ 4, 6.

**United States District Court**
For the Northern District of California

1  they placed more than $75,000 in controversy.  Id. at 4.  The Court

2  reminded United of the strong presumption against removal

3  jurisdiction and that it bears the burden of establishing the

4  propriety of removal.  Id. at 3.

5      United has responded by offering "summary-judgment-type

6  evidence relevant to the amount in controversy at the time of

7  removal."  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373,

8  377 (9th Cir. 1997) (quoting Allen v. R & H Oil & Gas Co., 63 F.3d

9  1326, 1336 (5th Cir. 1995)).  In cases like this one, where a

10 plaintiff's state court complaint omits the specific sum demanded

11 in compliance with state law, the defendant must demonstrate by a

12 preponderance of the evidence that the complaint places the

13 jurisdictionally required amount in controversy.  28 U.S.C. §

14 1446(c)(2); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404

15 (9th Cir. 1996).  The amount-in-controversy requirement may be

16 satisfied by claims for special and general damages, as well as

17 attorney fees and punitive damages when recoverable by law.  See

18 Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002)

19 (citing Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F.

20 Supp. 1196, 1198 (N.D. Cal. 1998)).  With one exception not

21 relevant here, California law does not permit recovery of attorney

22 fees in general tort actions.  Rutter Cal. Prac. Guide Pers. Inj. §

23 3:16.1 (citing Cal. Code of Civ. P. § 1026; Gray v. Don Miller &

24 Assocs., Inc., 35 Cal. 3d 498, 506-07 (Cal. 1984)).  United does

25 not rely on attorney fee amounts in its responsive brief.  Berg has

26 not claimed punitive damages.  See Compl. at 4 (prayer for relief).

27 Therefore the Court declines to consider United's evidence

28 pertaining to punitive damages, see Resp. at 6-7, for the simple

**United States District Court**
For the Northern District of California

1   reason that Berg did not claim any in her complaint, <u>see</u> Compl. at

2   4 (prayer), and therefore the complaint could not have placed them

3   in controversy.

4          The Court turns now to the alleged injuries giving rise to

5   Berg's claims for general and special damages.  The Court stresses

6   that it takes no position here as to whether United is or could be

7   held liable for those injuries.  The question presently before the

8   Court is only whether Berg's complaint put more than $75,000 in

9   controversy at the time of removal.  <u>See</u> <u>Singer</u>, 116 F.3d at 377.

10  The Court concludes that it did.  The injuries alleged by Berg are

11  extensive, including alleged fractures of both of Berg's feet.

12  Resp. at 5.  United persuasively describes how the complaint gave

13  rise to the possibility of damages for continuing disability, pain,

14  and lost wages.[2]  <u>Id.</u>  Additionally, United has provided copies of

15  billing records that it obtained by issuing subpoenas to Berg's

16  health care providers.  <u>Id.</u> at 4.  United says that these records

17  are incomplete but establish that Berg has received at least

18  $12,476.98 in medical treatment for conditions that she attributes

19  to United's alleged negligence.  <u>Id.</u> at 4-5.  The Court is

20  satisfied that the special damages alleged by Berg more likely than

21  not had placed greater than $75,000 in controversy when United

22  removed the instant case to federal court.

23  ///

24  ///

---

25  [2] Since filing this action, Berg may have limited her injury
26  claims, for example, by denying that she seeks lost wages.  <u>See</u>
    Interrog. Resp. ¶¶ 18-19 ("I am not claiming wage loss.").  These
27  post hoc limitations are immaterial to the question of whether
    removal was proper, which is determined with reference to the
28  amount in controversy "at the time of removal."  <u>Cf.</u> <u>Singer</u>, 116
    F.3d at 377.

**United States District Court**
For the Northern District of California

III. <u>**CONCLUSION**</u>

The Court finds that the amount-in-controversy requirement was satisfied at the time that United removed the case from state court.  Accordingly, the Court retains jurisdiction over this case. An order addressing United's pending motion for partial summary judgment will be filed concurrently.  The jury trial scheduled to commence on September 4, 2012 remains set for that date.


IT IS SO ORDERED.


Dated: August 24, 2012



UNITED STATES DISTRICT JUDGE