IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERG, | ) Case No. 11-3612-SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S |
| | ) MOTION FOR PARTIAL SUMMARY |
| v. | ) JUDGMENT; NOTICE RE: |
| | ) CONSIDERATION OF SUA SPONTE |
| UNITED AIR LINES, INC., and DOES 1 through 20, inclusive, | ) ENTRY OF PARTIAL SUMMARY ) JUDGMENT PURSUANT TO RULE |
| | ) 56(F) |
| Defendants. | ) |
| | ) |

## I. INTRODUCTION

Plaintiff Debra Berg ("Plaintiff" or "Berg") sued Defendant United Air Lines, Inc. ("Defendant" or "United") in California state court on May 16, 2011. ECF No. 1 (notice of removal ("NOR")) Ex. A ("Compl."). Berg's complaint asserts two causes of action for negligence, arising from two incidents which allegedly injured her feet: (1) a slip-and-fall at United's "Red Carpet Club" where Berg was waiting to board a United flight to her home city of Portland (the "slip-and-fall claim"), and, (2) once she boarded, an incident in which a United flight attendant allegedly struck one of Berg's injured feet with a beverage cart (the "beverage-cart claim"). Id. United removed the case to this Court on diversity grounds. NOR at 2. On November 18, 2011, the Court set this matter for a jury trial commencing September 4, 2012, and gave the

parties a discovery cutoff date of July 5, 2012 and a final motion hearing date of July 27, 2012. ECF No. 12.

On the last day to timely file a motion, June 22, 2012, United filed the first motion by either party, one for partial summary judgment. ECF No. 14 ("Mot."). The motion addressed only Berg's slip-and-fall claim. Id. It has been fully briefed. ECF Nos. 15 ("Opp'n"), 16 ("Reply").[1]

On August 1, 2012, the Court sua sponte issued an Order to Show Cause requiring United to demonstrate that the case satisfied the amount-in-controversy requirement for diversity-based removal jurisdiction. ECF No. 20 ("OSC"). The Court also denied United's motion for partial summary judgment without prejudice pending resolution of the jurisdictional question. OSC at 6. United filed a responsive brief on August 10. ECF No. 21. Concurrent with this Order, the Court issues an order retaining jurisdiction and deeming the previously deferred summary-judgment motion ripe for ruling.

For the reasons set forth below, the Court GRANTS United's motion for partial summary judgment with respect to Berg's slip-and-fall claim. The Court will separately enter judgment on that claim against Berg and in favor of United. Furthermore, pursuant to Federal Rule of Civil Procedure 56(f), the Court notifies Berg

---

[1] The parties have submitted declarations in support of their briefs. ECF Nos. 14-1 (declaration of Richard G. Grotch, counsel for United ("Grotch Decl. ISO Mot.")), 15-1 (declaration of John P. Hannon, counsel for Berg ("Hannon Decl."), 15-2 (declaration of Berg ("Berg Decl.")), 16-1 ("Grotch Decl. ISO Reply"), 16-2 (declaration of Gary Juliano, United employee and manager of the club where Berg allegedly was injured ("Juliano Decl.")). Both parties submit excerpts of a transcript of United's deposition of Berg, taken on March 23, 2012. E.g., Grotch Decl. ISO Mot. Ex. A, Hannon Decl. at 2-8 (collectively, "Berg Depo."). Because both sides cite to the same certified copy of the deposition transcript, the Court refers to the transcript's internal page and line numbers without respect to which party filed the particular excerpt.

2

that it is considering entering summary judgment against her and in favor of United with respect to her beverage-cart claim.

The jury trial of Plaintiff's remaining cause of action remains scheduled to begin on September 4, 2012.

## II.  BACKGROUND

The following account is taken from the evidence submitted by the parties viewed in the light most favorable to Berg.[2] On June 26, 2010, Berg was in the Red Carpet Room, a club operated by United within the San Francisco International Airport. See Berg Depo. at 19:8-10. Berg was sitting at the bar, drinking coffee and watching a sporting event on the club's television. Id. at 19:11-20. After "at least" a half-hour and up to an hour, Berg left her seat at the bar and went to the ladies' restroom within the Red Carpet Room. Id. at 20:8-16. After leaving the restroom, she saw on one of the overhead flight information monitors located within the Red Carpet Club that her flight to Portland was starting to board. Id. at 20:17-21:7. Berg then slipped in water that had accumulated on the granite floor. Id. at 21:18-25, 22:13-17; Berg Decl. ¶ 2-3; Grotch Decl. ISO Mot. Ex. C (Berg's responses to interrogatories ("Interog. Resp.")) ¶ 13. In the fall, Berg sprained and fractured both feet. Interog. Resp. ¶¶ 2, 6. Berg also injured her pelvis, low back, and hip, and suffers from anxiety and stress related to these injuries. Id.

After Berg fell, she boarded her flight to Portland. See id. ¶ 15. Once Berg was onboard, the passenger in front of her allowed

---

[2] The account does not include matters deemed admitted pursuant to Federal Rule of Civil Procedure 36 which, as set forth in Section IV infra, prove dispositive of this motion.

3

her to place one of her injured feet on the armrest. Id. While Berg's foot was elevated, one of the United flight attendants struck it with the beverage cart. Id.

### III. LEGAL STANDARD

Entry of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted if the evidence would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986). "A moving party without the ultimate burden of persuasion at trial -- usually, but not always, a defendant -- has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." Id. The moving party may rely on facts admitted by the non-moving party. Fed. R. Civ. P. 56(c)(1)(A); Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007).

///
///

**IV. DISCUSSION**

    **A.    Berg's Slip-and-Fall Claim**

In seeking summary judgment with respect to Berg's slip-and-fall claim, United argues that Berg has already admitted matters that defeat her claim and require entry of summary judgment in its favor. Reply at 2-4. The Court concludes that United is correct.

Under Rule 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The effect of a failure to respond is to establish "conclusively" the matter admitted. Id. 36(b). "No motion to establish the admissions is needed because Rule 36 is self-executing." Cook v. Allstate Ins. Co., 337 F. Supp. 2d 1206, 1210 (C.D. Cal. 2004).

The district court may, however, entertain a motion to withdraw the admission. Fed. R. Civ. P. 36(b). District courts should grant the motion to withdraw an admission when doing so would promote the presentation of the merits of the case and would not prejudice the other party. Wright v. Paul Revere Life Ins. Co., 291 F. Supp. 2d 1104, 1111 (C.D. Cal. 2003).

When, however, a party not only fails to respond to a request for admission but also fails to file a motion seeking to withdraw the admissions, entry of summary judgment against that party on the basis of the admissions is proper. Conlon, 474 F.3d at 621 (citing O'Campo v. Hardisty, 262 F.2d 621, 624 (9th Cir. 1958)); Wright v. Paul Revere Life Ins. Co., 291 F. Supp. 2d 1104, 1111 (C.D. Cal. 2003); see also Cereghino v. Boeing Co., 873 F. Supp. 398, 403 (D.

Or. 1994) (negligence case where district court granting summary judgment on issue of damages ruled that "a request for admission under Rule 36, and a resultant admission, are not improper merely because they, as here, relate to an 'ultimate fact,' or prove dispositive of the entire case."); Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1247-48 (9th Cir. 1981) (no "absolute right" to have admissions withdrawn, even when admission "amount[s] almost to an admission of liability")). Further, "[a]n admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." Cook, 337 F. Supp. 2d at 1210 (quoting Am. Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991)). However, before a district court enters summary judgment on the basis of admissions alone, the moving party must provide admissible evidence, such as a declaration, that its request for admission has been served and no response has been received. See Carrasco v. Metro Police Dept., 4 F. App'x 414, 416 (9th Cir. 2001).

In this case, United has submitted an uncontroverted declaration stating that United served its requests for admission on Berg, through her counsel, on May 31, 2012. See Grotch Decl. ISO Reply at ¶ 2. Berg had until July 5, 2012 to respond to United's requests. See Fed. R. Civ. P. 36(a)(3) (thirty-day deadline); id. 6(d) (adding three days to deadline if service is effected in certain ways). As of July 13, 2012, Berg had not responded. Grotch Decl. ISO Reply at ¶ 4. Thus, by operation of

Rule 36(b), Berg is deemed to have admitted the matters contained in United's request for admission.[3]

Those matters are dispositive of Berg's slip-and-fall claim and justify entry of summary judgment in favor of United with respect to that claim. California law applies to this action, which was removed on diversity grounds. See Patton v. Cox, 276 F.3d 493, 495 (9th Cir. 2002) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Under California law, "a property owner must have actual or constructive knowledge of a dangerous condition before liability will be imposed." Getchell v. Rogers Jewelry, 203 Cal. App. 4th 381, 385 (Cal. Ct. App. 2012) (citing Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1206 (Cal. 2001)). Thus, United, to win summary judgment against Berg's slip-and-fall claim, must show that Berg "does not have enough evidence of an essential element to carry [her] ultimate burden of persuasion at trial" and that there is no genuine issue of material fact. Nissan, 210 F.3d at 1102. United can do so on the basis of Berg's admissions alone. Berg has admitted, inter alia, that she has "no evidence" that United knew of the water in which she slipped, "no evidence" that United should have known of it, and "no idea" how long the water was there. Grotch Decl. ISO Reply Ex. A ("RFA") ¶¶ 2-4. Berg, in other words, admits to having no evidence tending to establish that United had actual or constructive notice of the water on the floor of the Red Carpet Club, which is an essential

---

[3] Berg has been on notice of her failure to respond since United filed its reply brief focusing on July 13, six weeks ago. Reply at 2-4. Since then, Berg has neither moved to withdraw her admissions nor made any mention of her failure to respond. This observation, of course, should not be construed to mean that United was under any affirmative duty to notify Berg, who is represented by counsel, of her own failure to abide by the Federal Rules. It was not.

element of her negligence cause of action for the slip-and-fall incident.  Moreover, no contrary evidence has been presented, and Berg has admitted that there is none.  Id.  Hence there is no genuine issue of material fact.  Berg's admissions doom her slip-and-fall claim.

Even if the Court were to ignore the matters deemed admitted under Rule 36 -- and it may not, see Cook, 337 F. Supp. 2d at 1210 -- the Court still would grant summary judgment to United.  Consistent with Berg's apparent failure to participate in discovery, she has mustered only the barest resistance to United's motion by filing a four-page opposition brief, nearly three pages of which is devoted to an analysis-free recital of background facts and laws.  And the analysis Berg does offer is thin gruel indeed.  She states that the "only evidence that is before this court is the testimony of Berg as provided in her deposition."  Opp'n at 3.  That is true, but Berg's deposition testimony hardly helps her slip-and-fall claim, since she admitted in that deposition that she did not "have any way of saying how long the water had been there [on the floor of the Red Carpet Club]."  Berg Depo. 28:3-5.  This admission, as explained above, proves fatal to her negligence claim, because Berg admits that she has no way to say whether the water was on the floor long enough to impute to United constructive notice of its presence on the floor of the Red Carpet Club.  In other words, Berg admitted at her deposition the same fact that she admitted by operation of Rule 36(b).

Berg suggests in her opposition that United's motion must fail because United has not presented evidence of their premises inspection or maintenance policies.  Opp'n at 3-4.  This argument

betrays a misapprehension of how summary judgment works. United may prevail by showing out that Berg "does not have enough evidence of an essential element to carry [her] ultimate burden of persuasion at trial." <u>Nissan</u>, 210 F.3d at 1102. United has done so, since, as Berg concedes, the only evidence before the Court is Berg's deposition testimony, in which Berg admits that she has no way of knowing how long the water was on the floor. By showing that Berg cannot prove that United had notice of the alleged spill, United has carried its burden of persuasion. And, because the only evidence before the Court are the excerpts of Berg's deposition testimony offered by the parties through counsel, including Berg's counsel, there can be no genuine issue regarding this material fact. Thus, United would be entitled to entry of summary judgment with respect to Berg's slip-and-fall claim even if the matters deemed admitted under Rule 36(b) did not so entitle it.

**B. <u>Berg's Beverage-Cart Claim</u>**

The foregoing analysis appears to apply with equal force to Berg's second negligence claim, arising from the alleged beverage-cart incident. That claim was premised on Berg's allegation that, after the slip-and-fall incident, a United flight attendant struck her elevated foot with the onboard beverage cart. Compl. ¶ 14. By operation of Rule 36(b), however, Berg is deemed to have admitted, and thus conclusively established, that this never happened. RFA ¶ 22. Such an admission is obviously fatal to Berg's beverage-cart claim.

The Court has the power to enter summary judgment against Berg on her beverage-cart claim sua sponte after providing her with notice and a full and fair opportunity to be heard. Fed. R. Civ.

P. 56(f)(3); Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010) cert. denied, 132 S. Ct. 112 (U.S. 2011).  District courts have availed themselves of this procedure in a variety of circumstances.  E.g., Byrd v. Arpaio, CV 04-02701-PHX-NVW, 2011 WL 5434240 (D. Ariz. Oct. 24, 2011) (issuing Rule 56(f) notice after determining that possible lack of genuine issue of fact pertaining to defendant's intent might result in pointless trial for nominal damages); Hall v. City of Fairfield, 2:10-CV-00508-GEB, 2012 WL 1205651 (E.D. Cal. Apr. 11, 2012) (issuing "tentative" summary judgment ruling after review of pretrial filings).

Normally, summary judgment should not be entered sua sponte until the parties have had an opportunity to respond that is equivalent to the filing of a brief opposing a motion for summary judgment.  See Norse, 629 F.3d at 971-73 (under then-operative version of Rule 56, district court erred in entering summary judgment against a party sua sponte without giving that party notice equivalent to that provided by Federal Rules of Civil Procedure and applicable local rules and without giving party chance to develop evidentiary record relating to the particular issue on which summary judgment was granted).  However, Norse was decided before the December 2010 revisions to Rule 56 removed the previous 10-day notice requirement.  See id. at 972 n.5.  The Norse court specifically declined to decide what effect the applicable local rules would have "in the absence of a specific national rule," as well as whether the two-day notice given by the district court in that case "would have been 'reasonable' under the revised rule."  Id.  "In all cases, however, district courts should exercise special care in providing notice when contemplating

10

granting summary judgment sua sponte on the eve of trial after the dispositive motion deadline has passed." Id.

In this case, the Court is confident that it exercising the requisite care. The only issue that Berg need address is the issue of whether she should be permitted to withdraw her admission that the beverage cart never hit her foot pursuant to Rule 36(b). As the Court previously stated, Berg has not yet made any such motion. If she were to do so, the only factors the Court need consider are whether permitting her to withdraw the admission would promote the presentation of the merits of the case and would not prejudice the other party. Wright, 291 F. Supp. 2d at 1111. No evidence is required to dispose of these issues beyond a declaration from the parties' counsel and perhaps the parties themselves. As to notice, the Federal Rules no longer contain any firm notice requirements, instead deferring to judicial discretion and district courts' local rules. See Fed. R. Civ. P. 56(b). This Court's local rules provide judges with latitude to notice motions as dictated by the circumstances of the case. See Civ. L.R. 56-1 (summary judgment motions shall be noticed pursuant to the requirements of Civ. L.R. 7-2 and 7-3), id. 7-2 (35 days' notice required "[e]xcept as otherwise ordered or permitted" by the Court), id. 7-3 (providing "not more than" 14 days for filing opposition).

The Court hereby notifies Berg that, for the reasons stated herein, it is considering entering summary judgment against her and in favor of United as to her beverage-cart claim. This matter shall be heard at the previously scheduled pre-trial conference and hearing on United's motions in limine set for August 31.

///

## V.    CONCLUSION

For the foregoing reasons, the Court hereby GRANTS United's motion for partial summary judgment against Berg with respect to her first cause of action for negligence, pertaining to the alleged slip-and-fall incident within United's Red Carpet Club.  The Court separately will enter judgment on that claim against Berg and in favor of United.

Berg's second cause of action for negligence, pertaining to the alleged beverage-cart incident, is subject to sua sponte entry of partial summary judgment due to Berg's admission under Rule 36(b) that no beverage cart ever collided with her.  The question of whether partial entry of summary judgment shall issue as to that claim shall be heard at the previously noticed pretrial conference and motion hearing set for 10:00 a.m. on Friday, August 31, 2012, in Courtroom 1, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

The jury trial set for September 4, 2012 remains scheduled to begin on that date.

IT IS SO ORDERED.

Dated: August 24, 2012

UNITED STATES DISTRICT JUDGE